**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID HOFFMANN,

        Plaintiff-Appellant,

  v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA; STATE FARM
MUTUAL AUTOMOBILE INSURANCE
COMPANY BENEFIT PLAN,

        Defendants-Appellees.

No.   15-55093

D.C. No.
5:13-cv-02011-JGB-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 30, 2016
Pasadena, California

Before: KOZINSKI and BYBEE, Circuit Judges, and WALTER,[**] District Judge.

**1.**    The district court did not err in placing the burden on Appellant David

Hoffmann to show that he has Bipolar II. Hoffmann argues that LINA should be

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

the one proving that his condition is subject to the mental illness limitation because the provision is more akin to an exclusion than to a condition for coverage. But even if we accept this contention as true, LINA has met that burden by demonstrating that Hoffmann is disabled due to a mental illness. The real issue is whether Hoffmann has a kind of mental illness—Bipolar II—that is exempted from the policy's limitation provision. Because that exemption is not a condition on the mental illness limitation, we conclude that Hoffmann bears the burden of proving that he suffers from Bipolar II, just as he would have the burden to prove his eligibility for coverage. *See Sabatino v. Liberty Life Assurance Co.*, 286 F. Supp. 2d 1222, 1232 (N.D. Cal. 2003).

**2.** The district court's finding that Hoffmann has not met his burden is not clearly erroneous. After examining Hoffmann's medical records, LINA's claim reviewers found no evidence that Hoffmann had experienced a hypomanic episode as required for a diagnosis of Bipolar II under the Diagnostic and Statistical Manual of Mental Disorders (the "DSM-IV-TR"). In response, Hoffmann provided only minimal additional evidence of a hypomanic episode that consisted primarily of a letter from his therapist listing several symptoms of hypomania in a conclusory fashion. After examining Hoffmann's additional evidence, another reviewer concluded that the diagnosis of Bipolar II was not

"evidenced by episodic periods manifested by the full symptomatic picture of both manic and depressive syndrome."

Hoffmann now claims that the district court erred in affirming LINA's determination for three reasons:

*First*, Hoffmann asserts that the district court failed to consider his credibility evidence, which consisted of a laundry list of LINA's purported misconduct during the claim review process. Not so. The district court did consider that evidence but noted that it "would be more relevant if the Court were conducting an abuse of discretion analysis." This is established by our case law. *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 674 (9th Cir. 2011). In any event, the inference that Hoffmann would have us draw—that LINA's improper behavior during the claim review process shows that LINA hired biased reviewers who lied about there being insufficient evidence to support a diagnosis of Bipolar II—is not supported by the record.

*Second*, Hoffmann argues that the district court acted as its own expert when it compared the evidence in the record against the criteria listed in the DSM-IV-TR. But there is nothing improper about the court's analysis. The most reasonable way to resolve this dispute is to do what the district court did: (1) identify the evidence Hoffmann needed to present to establish the existence of Bipolar II, and

(2) determine whether that evidence was in the record. As to the first step, it was entirely proper for the district court to consult the DSM-IV-TR (on which Hoffmann's own experts relied in forming their opinions and to which Hoffmann did not object to the court taking judicial notice) to identify the criteria for a hypomanic episode. As to the second step, the court reviewed the evidentiary record and concluded that LINA correctly deemed Hoffmann's evidence insufficient to satisfy that criteria. The district court did not clearly err in its factual findings.

*Third*, Hoffmann claims that he was not given sufficient notice that the primary issue with his claim of Bipolar II was the absence of evidence of a hypomanic episode. We disagree. LINA specifically informed Hoffmann by a letter dated August 15, 2011, that "[t]here is no documented episode of hypomania in the medical reviewed [sic] which is required by the criteria of the DSM-IV for a diagnoses of Bipolar II." And while it is true that one reviewer broadly worded her reason for rejecting the diagnosis of Bipolar II, Hoffmann had sufficient notice from communications with LINA that he had failed to present sufficient evidence of hypomania.

**AFFIRMED**.